(No. 7—Claim denied.)

ANNA KLITZKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

LEASE—*when no recovery can be had on—limitation statute.* Where it appears upon the face of claimant's statement that the claim is barred by the statute of limitations an award will be denied. (*Jackson* v. *State,* 4 C. C. Rep. 333, followed.)

TATGE & TATGE, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears from the claimant's statement that a lease was entered into by the said claimant and the Illinois National Guard for the period of one year from May 1, 1915, which was a continuance of a former arrangement.

The rental for this particular period was to be $70.00 per month for a period of one year. It further appears by the statement that the guard occupied said premises during said period until August 31, 1915, and paid rent up until that time upon that date or before rent was paid as agreed, but did not pay rent for the balance of period of eight months.

The claimant makes an additional claim for $70.87 for repairs.

The defendant comes in and urges the Statute of Limitations, and this court in this claim in following its language;

In *Jackson* v. *State of Illinois,* 4 Court of Claims, 333, this court said:

"It is also the duty of this court to do justice to the people of the State and that wherein a claim is not brought forth within a reasonable time, it should not be allowed."

It is the opinion of this court at this time that the claim brought should at least be within the rules prescribed by law. In the first place that the people may know their tax burdens and the second place so that evidence would not become stale or lost, and, therefore, for the reasons assigned, the claim is denied.